
**MEMO ENDORSED**

*[Handwritten endorsement at top:]* wishing [to] oppose the government's motion to intervene and stay shall do so in writing filed with the Clerk by November 1. If opposition is filed, reply may be served by November 6. Pending further Order, discovery is stayed. SO ORDERED [signature] USDJ 10-26-07

**U.S. Department of Justice**

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

*[Stamp:]* USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ____ / DATE FILED: 10-26-07

*[Stamp:]* RECEIVED OCT 26 2007 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.

October 25, 2007

By Hand Delivery

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: **Securities and Exchange Commission v. Smart Online, Inc. et al.,**
      07 Civ. 7960 (PKC)

Dear Judge Castel:

  Pursuant to your Individual Practices Rule 2(A)(1), the Government writes to request a pre-motion conference. The Government seeks to intervene in this action under Rule 24 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), because it has a direct and substantial interest in the subject matter of this action, which is also the subject of a criminal prosecution pending in the United States District Court for the Southern District of New York. The Government also seeks a stay of discovery to avoid prejudice to the pending criminal case.

  On or about September 11, 2007, all six of the individual defendants in the above-captioned civil case were arrested on two related charges. All six individuals, Dennis Michael Nouri, Reza Eric Nouri, Ruben Serrano, Anthony Martin, James Doolan, and Alain Lustig, were charged with one count of conspiring to violate the securities laws from in or about May 2005 through in or about July 2007, in violation of Title 18, United States Code, Section 371, and one count of violating the securities laws, in violation Title 15, United States Code, Sections 78j(b) and 78(ff). See Exhibit A, United States v. Dennis Michael Nouri et al., 07 Mag 1257. In general, the complaint charges these defendants with engaging in a fraudulent scheme designed to manipulate the price of the securities of Smart Online, Inc., whose stock is publicly traded on the OTC-Bulletin Board. The complaint alleges that Dennis Michael Nouri and Reza Eric Nouri paid undisclosed bribes to brokers in order to solicit their customers to purchase Smart Online shares to drive the price of the stock up.

The Government seeks to intervene in this case under Rule 24 of the Federal Rules of Civil Procedure. Rule 24(a)(2) provides for intervention as of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action," and the applicant is so situated that "disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Rule 24(b)(2) provides for permissive intervention "when the applicant's claim or defense and the main action have a question of law or fact in common." The Government respectfully submits that its application satisfies both of those provisions.

As a general rule, courts "have allowed the government to intervene in civil actions—especially when the government wishes to do so for the limited purpose of moving to stay discovery." Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (E.D.N.Y. 1992); see SEC v. Credit Bancorp., 297 F.3d 127, 130 (2d Cir. 2002). Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact." United States v. Downe, 1993 WL 22126, *11 (S.D.N.Y. 1993); see also First Merchants Ents., Inc. v. Shannon, 1989 W.L. 25214, *3, Fed. Sec. L. Rep. ¶ 94,421 (S.D.N.Y. 1989) (allowing United States Attorney to intervene in civil action).

Furthermore, this Court has the inherent power to stay discovery in the interests of justice pending the completion of the Government's investigation and any subsequent proceedings. See Landis v. North American Co., 299 U.S. 248, 255 (1936); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); United States v. Any And All Assets Of That Certain Business Known As Shane Company, 147 F.R.D. 99, 101 (M.D.N.C. 1993) ("Shane Company") ("Court has authority to stay civil proceedings pending the resolution of criminal investigations"). Indeed, courts have routinely granted applications by the Government to stay parallel civil proceedings in order to protect a pending criminal investigation prior to and after indictment. See, e.g., Shane Company, 147 F.R.D. at 101-102 (granting stay of discovery in civil forfeiture action pending federal criminal grand jury investigation involving same and related facts); Downe, 1993 WL 22126, *14 (granting stay of SEC enforcement action pending federal grand jury investigation); United States v. One 1964 Cadillac Coupe DeVille, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is ordinarily entitled to a stay of all discovery in the civil case until disposition of the criminal matter").

In this case, the Government seeks a stay of discovery pending resolution of the criminal cases, for several reasons, including the following:

First, discovery in the above-captioned civil case would likely make available to criminal defendants information that lies well beyond the narrow scope of criminal discovery. Compare Fed. R. Civ. P. 26(b) with Fed. R. Crim. P. 16. As courts have observed, the Government "has a discernible interest in intervening in order to prevent discovery in a civil case from being used to circumvent the more limited scope of discovery in the criminal matter." SEC

2

v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988); see Phillip Morris Inc. v. Heinrich, 1996 WL 363156, at *19 (S.D.N.Y. June 28, 1996) (without stay, targets "may have an opportunity to gain evidence to which they are not entitled under criminal discovery rules"); Shane Company, 147 F.R.D. at 101-02 (granting stay in civil case pending grand jury investigation because "the same evidentiary material likely will be involved" in both matters, and thus discovery "could interfere with the government's criminal investigation"); Downe, 1993 WL 22126 at *12-13. Depositions and interrogatories at this point in time would effectively provide an end-run around the constraints imposed by Fed. R. Crim. P. 16 and the Jencks Act, 18 U.S.C. § 3500.

Second, potential disclosure of the substance of testimony from potential Government witnesses would also facilitate efforts by criminal defendants to manufacture evidence and tailor their testimony and/or defenses to conform with the Government's proof.

Third, depositions and interrogatories would also impair the usefulness of the potential Government witnesses. Providing a preview of their testimony and then later subjecting them to searching cross-examination at depositions could create additional impeachment material and immaterial inconsistencies that could be employed against the witnesses at any future trial. See generally WorldCom Securities Litigation, 2002 WL 31729501, at *9 (S.D.N.Y. Dec. 5, 2003) (observing that United States Attorney "has a significant interest in preserving the usefulness of cooperating defendants as Government witnesses").

Fourth, allowing the criminal cases to proceed ahead of the civil action likely will result in a narrowing of the factual and legal issues before this Court. Volmar Dist., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 40 (S.D.N.Y. 1993); Brock v. Tolkow, 109 F.R.D. 116, 120 (E.D.N.Y. 1985). In addition, criminal convictions of the defendants would increase the likelihood of settlements in this action. Accordingly, the interests of judicial economy are better served by the stay the Government seeks.

On Tuesday, October 22, 2007, I informed counsel for all parties that the Government would be filing its motion to intervene and stay the discovery on Thursday, October 25. Counsel for the SEC responded that it takes no position. Counsel for James Doolan, Ruben Serrano, and Anthony Martin responded that their clients do not oppose the Government's application to intervene and stay the discovery. Counsel for the remaining defendants have not taken a position yet on the Government's motions.

Respectfully submitted,<br>
MICHAEL J. GARCIA<br>
United States Attorney<br>
<br>
By: /s/ Reed Michael Brodsky<br>
Reed Michael Brodsky<br>
Assistant United States Attorney<br>
(212) 637-2492

cc:

Scott L. Black, Esq. (counsel for the SEC, by fax to 212-336-1350)

Steven G. Kobre, Esq., and Matthew I. Menchel, Esq. (counsel for Dennis Michael Nouri, by fax to 212-488-1222)

Sharon McCarthy, Esq. (counsel for Reza Eric Nouri, by fax to 212-808-8108)

Alexander E. Eiseman, Esq. (counsel for Anthony Martin, by fax to 212-420-8338)

Patrick J. Joyce, Esq. (counsel for Alain Lustig, by fax to 212-513-1989)

Jennifer Brown, Esq. (counsel for Ruben Serrano, by fax to 212-571-0392)